

RECEIVED
IN ALEXANDRIA, LA.
MAR 3 1 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

WESLEY DALTON MEDFORD          CIVIL ACTION NO. 1:08-cv-00804

-vs-                                              JUDGE DRELL

ODAY LAVERGNE                    MAGISTRATE JUDGE KIRK

## R U L I N G

Before the Court is a motion for summary judgment filed by Third-Party Defendant, Twin City Fire Insurance Company. (Document No. 59.) The motion is unopposed, and the Court finds no need for oral argument. For the reasons set forth herein, Third-Party Defendant's motion for summary judgment will be granted, such that Third-Party Plaintiff's claims against Twin City Fire Insurance Company will be dismissed with prejudice.

*Background*

Plaintiff, Wesley Medford, a citizen and resident of Australia, filed his original complaint against Oday Lavergne, a resident of Louisiana, in June 2008 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Medford, CEO and Chairman of PIVoD Technologies, LLC ("PIVoD"), contends that at various times from March to May 2008, Lavergne, a former manager of PIVoD, "commenced with a campaign designed to undermine the integrity and credibility of . . . Medford in the eyes of PIVoD Tech's membership and management." (Document No. 1.) Specifically, Plaintiff asserts Lavergne disseminated certain emails containing

false and unflattering information to various third persons and also made verbal comments "intended to defame and embarrass" Medford. (Id.) Plaintiff seeks compensatory damages for injuries resulting from the allegedly "wrongful, reckless and willful actions of Defendant Lavergne." (Id.) Count Two of Plaintiff's complaint, contending Lavergne breached his fiduciary duties, was dismissed without prejudice by Order dated July 24, 2008. (Document No. 8.)

Lavergne subsequently answered the complaint, asserted a counterclaim against Medford, and filed a third-party complaint against Twin City Fire Insurance Company ("Twin City") and PIVoD, alleging, among other things, that Twin City issued a Directors and Officers ("D&O") liability policy to PIVoD, under which Lavergne is entitled to "indemnity and a defense" from Twin City as well as recovery of "all monies paid by or to Medford, or loaned by PIVoD Tech that are found to have been breaches of Medford's fiduciary duties to PIVoD Tech." (Document No. 9.)

In its answer, Twin City admits is issued policy number KB0223761 to PIVoD but denies coverage under certain enumerated exclusions. (Document No. 27.) Lavergne also filed an amended third-party complaint against State Farm Fire & Casualty Company ("State Farm") seeking indemnity and a defense under several insurance policies allegedly issued directly to Lavergne. (Document No. 22.)

2

*Law*

Under Federal Rule of Civil Procedure 56(c), the Court will grant a party's motion for summary judgment only if:

> the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986).

In conducting this analysis, the Court must construe "all of the evidence and all of the factual inferences from the evidence . . . in a light most favorable to the party opposing the motion." <u>King Realty Co., Inc. v. Chevron USA, Inc.</u>, 575 F.3d 510, 517 (5th Cir. 2009).  Any doubts are likewise resolved in favor of the nonmoving party.  <u>U.S. *ex rel.* Longhi v. United States</u>, 575 F.3d 458, 465 (5th Cir. 2009).  Once the movant has directed the Court's attention to portions of the record which reflect an absence of a genuine issue of material fact, the nonmoving party bears the burden of demonstrating that a genuine issue of material fact exists.  <u>United States v. $ 92,203.00 in U.S. Currency</u>, 537 F.3d 504, 506-07 (5th Cir. 2008).  "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996).

Since this case is properly before the Court on the grounds of diversity

3

jurisdiction under 28 U.S.C. § 1332, Louisiana's substantive law applies. See Hall

v. GE Plastic Pacific PTE Ltd., 327 F.3d 391, 395 (5th Cir. 2003) (citing Erie R. R. v.

Tompkins, 58 S. Ct. 817 (1938)).  As the Louisiana Supreme Court has explained:

> Interpretation of an insurance policy usually involves a legal question which can be resolved properly in the framework of a motion for summary judgment. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.
>
> An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.  Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer's liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes.

Bonin v. Westport Ins. Corp., 930 So. 2d 906, 910-11 (La. 2006) (internal citations

omitted).

*Evidence*

In an affidavit dated August 28, 2009, Marc R. Tortora, a claims consultant

employed by The Hartford, explains Twin City is a privately held, fully owned

subsidiary of The Hartford that issued the policy in question to PIVoD on February

2, 2009. However, the policy attached to Mr. Tortora's affidavit, which is alleged

to be a true and correct copy of policy number KB0223761, the same number

4

referenced in the pleadings, shows the policy was actually effective on February 2, 2008. (Document No. 59, Exhibit A-1.) There being no opposition to the motion for summary judgment and, therefore, no contrary evidence regarding the date of the policy, the undersigned assumes the affidavit contains a typographical error and that the policy provided was actually the one in effect in 2008 when the actions alleged in the complaint, counterclaim, and third-party complaint occurred.

As noted by mover, in a provision generally referred to as the "insured v. insured" exclusion, Section IV(F) of the Directors, Officers and Entity Liability Coverage Part of the Twin City policy states, in pertinent part:

IV.   EXCLUSIONS   APPLICABLE   TO   ALL   INSURING AGREEMENTS

The Insurer shall not pay Loss for any Claim:

* * *

(F)   by or on behalf of any Insureds, provided that this exclusion shall not apply to any Claim:

* * *

(2)   that is an Insured Person Claim made by any Employee who is not a past or present Manager if such Claim is made without the assistance, participation, or solicitation of any Manager . . . .

(Document 59, Exhibit A-1.)

5

The policy further explains, "Insureds" means any "Insured Person." (Id. at Section II(G)(2).) "Insured Person" is defined as any "Manager" or "Employee." (Id. at Section II(E)(1-2).) "'Manager' means any natural person who is a past, present or future . . . duly elected or appointed director, officer, member of the board of managers or management committee member of an Insured Entity." (Id. at Section II(O)(1).) "Employee" is defined as "any past, present, or future . . . employee of an Insured Entity in such person's capacity as an employee . . . ." (Id. at Section II(F)(1).) "Insured Person Claim" includes any "civil proceeding commenced by the service of a complaint or similar pleading." (Id. at II(F).)

*Analysis*

In his complaint, Medford alleges he is the CEO and Chairman of PIVoD. (Document No. 1.) As such, he is a "Manager" and thus an "Insured" within the clear language of the policy. Similarly, Lavergne admits in his answer "he has served as a manager of PIVoD . . . ." (Document No. 9.) Therefore, he is also an "Insured" under the policy, either as a "Manager" or an "Employee." In the absence of any countervailing evidence, we find the policy does not provide coverage to Lavergne, as an insured, for the defamation claims made against him by Medford, another insured. See Fidelity & Deposit Co. of Maryland v. Conner, 973 F.2d 1236 (5th Cir. 1992). While the Court acknowledges the duty to defend is broader than coverage, an insurer is not obligated to furnish a defense if the

complaint unambiguously excludes coverage, as it does in the instant situation. See Elliot v. Cont'l Cas. Co., 949 So. 2d 1247, 1250 (La. 2007).

Finally, Lavergne alleges he is entitled to recover under the Twin City policy, "all monies paid by or to Medford, or loaned by PIVoD Tech that are found to have been breaches of Medford's fiduciary duties to PIVoD Tech." (Document No. 9.) Twin City, however, contends the "insured v. insured" exclusion also forecloses coverage for this claim. The unambiguous language of the policy, as detailed above, extends the exclusion to civil litigation brought by a former manager or with "the assistance, participation or solicitation" of a manager. In the absence of contrary evidence, we find the third-party claims of Lavergne, an admitted former manager, are not covered by the policy.

*Conclusion*

For the foregoing reasons, Twin City's motion for summary judgment (Document No. 59) will be GRANTED, and all claims against Twin City Fire Insurance Company will be DISMISSED WITH PREJUDICE.

SIGNED on this 31st day of March, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

7